UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TONY DEWAYNE WILLIAMS, | ) | |
| | ) | Case No. 4:21-cv-22 |
| *Petitioner*, | ) | |
| | ) | Related Case No. 4:19-cr-9 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1; Doc. 43 in Case No. 4:19-cr-9). For the following reasons, the Court will **DENY** Petitioner's motion.

### I.    BACKGROUND

On June 11, 2019, Petitioner pled guilty to one charge of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 18 in Case No. 4:19-cr-9.) On November 22, 2019, this Court sentenced Petitioner to seventy-seven months imprisonment on this charge. (Doc. 35, at 2 in Case No. 4:19-cr-9.) Section 2K2.1(a)(4)(A) of the United States Sentencing Guidelines Manual ("USSG") provides that a defendant's base offense level should be twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." In calculating the advisory guideline range at sentencing, the Court determined that Petitioner's 2015 state conviction for possession of marijuana for resale was a controlled-substance felony conviction for purposes of USSG § 2K2.1(a)(4)(A) and, therefore, calculated Petitioner's base

offense level to be twenty.  (*See* Docs. 22, 32, 36 in Case No. 4:19-cr-9.)  This base offense level, along with Petitioner's criminal-history score and other applicable offense-level adjustments, resulted in a sentencing guidelines range of seventy-seven to ninety-six months imprisonment.  (Doc. 22, at 5 in Case No. 4:19-cr-9; Doc. 27, at 3–4 in Case No. 4:19-cr-9; Doc. 40, at 6 in Case No. 4:19-cr-9.)  The Court sentenced Petitioner at the bottom of this guidelines range:  seventy-seven months.  (Doc. 35, at 2 in Case No. 4:19-cr-9.)

In December 2018, the Agricultural Improvement Act of 2018 was enacted, and it removed hemp—cannabis with extremely low concentrations of the psychoactive compound THC—from the definition of "marijuana" under the Controlled Substances Act.  Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619, 132 Stat. 4490, 5018 (2018) (codified at 21 U.S.C. §§ 802(16), 812).  In April 2019, Tennessee also removed hemp from its definition of marijuana.  HEMP, 2019 Tenn. Laws Pub. Ch. 87 (S.B. 357) (April 4, 2019) (codified at Tenn. Code Ann. §§ 39-17-402, 403, 415; Tenn. Code Ann. § 43-27-101).  As such, at the time of Petitioner's sentencing, hemp was not considered a controlled substance under either federal or state law.  Petitioner could have argued that his 2015 marijuana conviction, which the Court must presume was based on his possession of now-legal hemp, should not count as a controlled-substance offense for purposes of the sentencing guidelines.  *See United States v. Williams*, 850 F. App'x 393, 397 (6th Cir. 2021) ("We must presume that Williams's 2015 conviction rested on nothing more than the least of the acts the schedules criminalized in 2015—i.e., possession of hemp.") (citing *United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019) (en banc)).  If he had successfully raised such an argument, his base offense level would have been fourteen, which, along with Petitioner's criminal history score and other applicable offense-level adjustments,

2

would have resulted in a guidelines range of forty-one to fifty-one months imprisonment.  *See id.*; USSG § 2K2.1(a)(6); (Doc. 22 in Case No. 4:19-cr-9).

Petitioner timely filed a direct appeal of his sentence based, in part, on the argument that his 2015 marijuana conviction should not have been counted as a controlled-substance offense to calculate his guidelines.  (Doc. 38 in Case No. 4:19-cr-9.)  The Sixth Circuit held that, at sentencing, Petitioner did not "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection," with respect to his hemp-legalization argument, "so [the Sixth Circuit] review[ed] for plain error."  *Williams*, 850 F. App'x at 396 (internal citation omitted) (citing *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004)).  The Sixth Circuit panel, albeit in an unpublished opinion, agreed with Petitioner on the substance of his argument, holding:

> The district court was obligated to apply the version of the Guidelines, and the version of the controlled substance schedules, in effect at the time of Williams's sentencing.  At that point, possession of hemp was not criminalized, and we presume that Williams's 2015 conviction involved hemp.  That conviction therefore "doesn't count."  The district court erred by incorrectly counting it as a "controlled substance offense," leading to an incorrectly calculated Guidelines range—and thus, a procedurally unreasonable sentence.

*Id.* at 401 (internal citations omitted).

Despite agreeing with the merits of Petitioner's argument and holding that Petitioner's sentence was procedurally unreasonable, the Sixth Circuit nonetheless upheld Petitioner's sentence because Petitioner did not show the Court's error to be "clear or obvious, rather than subject to reasonable dispute" under the plain-error standard of review:

> [T]his case presents a situation much like the one we confronted in [*United States v.*] *Woodruff*, 735 F.3d [445,] 451 [(6th Cir. 2013)].  We concluded there that while the district court erred in considering a state offense a controlled substance offense, the error was not plain "because the state of the law was both uncertain and not obvious at the time of its decision and at the time of appellate review."  *Id.*  "[T]he difficulty presented . . . [was] due to the applicable plain

3

> error standard of review. Had [the defendant's] attorney preserved an objection [more precisely], we would [have been] determining that 'the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines,' and remanding the case for resentencing." *Id.* at 452 (Stranch, J., concurring in part and dissenting in part) (quoting 18 U.S.C. § 3742(f)). That is the case here as well. Because we must apply plain error review, and because not all of its prerequisite prongs are met, we cannot exercise our discretion to correct the district court's error—as we otherwise would, *see* [*United States v.*] *Bautista*, 989 F.3d [698,] 704–05 [(9th Cir. 2020)].

*Id.* at 401–02 (cleaned up).

After the Sixth Circuit upheld his sentence, Petitioner, through counsel, filed the instant motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255. Petitioner argues his counsel at sentencing, Ms. Gianna Maio, was ineffective for failing to challenge the use of his 2015 marijuana conviction as a controlled-substance offense on the grounds that hemp was no longer a controlled substance at the time of sentencing. (Doc. 1.)

In support of the motion, Ms. Maio submitted an affidavit stating that while she was aware of the potential for using a hemp-legalization argument to exclude a prior marijuana conviction from the definition of a controlled-substance offense, she overlooked this aspect of the prior conviction while focusing on a separate challenge to its inclusion. (Doc. 43-2, at 1–2 in Case No. 4:19-cr-9.) Weeks before Petitioner pled guilty, the Training Division of the Federal Defender Services Office held its annual National Seminar for Federal Defenders. (Doc. 43-1, at 2 in Case No. 4:19-cr-9.) A training presentation at the seminar outlined for Federal Defenders how to bring a "marijuana-is-not-hemp" challenge to the inclusion of marijuana convictions as controlled-substance offenses under the USSG using Sixth Circuit law. (*Id.* at 2.) The presentation was thereafter made available to all Federal Defenders, even those who did not attend the seminar, on the Training Division of the Federal Defender Services Office's website. (*Id.*) Due to her heavy caseload, Ms. Maio did not attend the seminar, and she did not later

access the presentation materials. (Doc. 43-2, at 1–2 in Case No. 4:19-cr-9.) Nonetheless, months before Petitioner's sentencing, Ms. Maio attended a regular staff meeting of the Federal Defender Services of Eastern Tennessee, in which an attorney in the appellate unit outlined the "marijuana-is-not-hemp" challenge for the Federal Defenders. (*Id.*) Ms. Maio avers that she "did not recall that discussion at the staff meeting" when thereafter preparing objections for Petitioner's sentencing. (*Id.*) Ms. Maio further avers her "failure to raise the marijuana/hemp issue at Mr. Williams's sentencing was an oversight, not a strategic decision." (*Id.*)

However, at the time of Petitioner's sentencing, the Sixth Circuit had never decided whether pre-2018 state marijuana convictions qualify as controlled-substances offenses for purposes of the USSG, and neither had any other federal circuit court. Additionally, after Petitioner filed his motion, the Sixth Circuit issued a published opinion, reversing its unpublished holding from Petitioner's appeal, holding that "courts must define the term 'controlled substance offense' in the Guidelines with reference to the law in place at the time of the prior conviction at issue" rather than at the time of sentencing—rejecting the merits of the "marijuana-is-not-hemp" challenge. *United States v. Clark*, 46 F.4th 404, 415 (6th Cir. 2022). Petitioner's motion is ripe for the Court's review.

## II.     STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").[1] "[C]ounsel is not ineffective for failing to

---

[1] Additionally, in ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the

predict developments in the law, unless they were clearly foreshadowed by existing decisions." *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018); *see also Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999) (deeming such cases to be "rare").

III. ANALYSIS

Petitioner's ineffective-assistance claim fails the prejudice inquiry. In *Clark*, the Sixth Circuit explicitly rejected its prior unpublished reasoning in Petitioner's direct appeal:

> The *Williams* majority reasoned that *McNeill* does not compel a contrary result because it only addressed the first prong of the categorical approach. . . . But, once again, the majority did not fully engage the Supreme Court's reasoning in *McNeill*. The *McNeill* Court ascertained the current definition of a statutory term: "serious drug offense." It determined that the proper way to define that term is by referencing state law at the time of conviction.

*Clark*, 46 F.4th at 414 (internal citation omitted). Accordingly, the Sixth Circuit held that "courts must define the term 'controlled substance offense' in the Guidelines with reference to the law in place at the time of the prior conviction at issue." *Id.* at 415. The holding in *Clark* is binding on this Court in this case. *See, e.g.*, *Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008) ("[A] district court is bound by the decisions of the Circuit Court of Appeals in which it sits.").

In this case, both marijuana and hemp were controlled substances under the federal and state law in place at the time of Petitioner's prior marijuana conviction. Tenn. Code Ann. § 39-

---

petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*. In this case, even assuming the truth of Petitioner's factual allegations, his ineffective-assistance claim is conclusively foreclosed by the binding Sixth Circuit precedent in *Clark*; therefore, he is not entitled to an evidentiary hearing. 46 F.4th at 415; *infra* Section III.

17-402(16) (2012); 21 U.S.C. § 802(16) (2012).  In light of the Sixth Circuit's binding determination of this issue, Petitioner's marijuana conviction must be a considered a controlled-substance offense for purposes of the guidelines, as the Court so considered it at sentencing.  *See Clark*, 46 F.4th at 415.  Following the Sixth Circuit's decision, even if Ms. Maio had raised the "marijuana-is-not-hemp" challenge at the time of sentencing, the result of the proceeding would not have been different—the prior state conviction would count as a controlled-substance offense under the USSG.

Further, even if *Clark* does not control the Court's determination of Petitioner's ineffective-assistance claim because such precedent did not exist at the time of sentencing, the merit of the "marijuana-is-not-hemp" challenge was not "clearly foreshadowed" at the time of sentencing.  *Cf. Chase v. MaCauley*, 971 F.3d 582, 594 (6th Cir. 2020) ("In 'rare cases,' courts can 'find ineffective assistance of counsel based upon an attorney's failure to make an argument that would have been overruled under the then-prevailing law.' . . .  In particular, an attorney can be found deficient if she fails to raise a claim whose merit is 'clearly foreshadowed' at the time.") (cleaned up) (citations omitted).  The answer to whether controlled-substance offenses should be determined by the law in effect at the time of prior conviction or at the time of sentencing under the USSG was not "clearly foreshadowed" but rather subject to reasonable debate, as evinced by the circuit split that has since emerged on the issue.  *Compare Clark*, 46 F.4th at 409 ("The words 'prior' and 'subsequent to' [in the relevant USSG provision] direct the court's attention to events that occurred in the past.  Thus, the Guidelines language indicates that the court should take a backward-looking approach and assess the nature of the predicate offenses at the time the convictions for those offenses occurred.  The Supreme Court's decision in *McNeill v. United States*, 563 U.S. 816[] (2011), and our opinion in *Mallett v. United States*,

334 F.3d 491 (6th Cir. 2003), confirm the text's support for a time-of-conviction rule."), *with United States v. Bautista*, 989 F.3d 698, 703 (9th Cir. 2021) ("*McNeill* nowhere implies that the court must ignore current federal law and turn to a superseded version of the United States Code. Indeed, it would be illogical to conclude that federal sentencing law attaches 'culpability and dangerousness' to an act that, at the time of sentencing, Congress has concluded is not culpable and dangerous. . . . Our conclusion also serves the goal of uniformity in federal sentencing law.").

Additionally, at the time Ms. Maio filed objections on behalf of Petitioner, it was far from "clear" that the "marijuana-is-not-hemp" challenge would be successful. She had heard of the potential for such a challenge in a staff meeting, but counsel for Petitioner identifies only one district court in one case that determined the success of the "marijuana-is-not-hemp" challenge prior to Petitioner's sentencing. (Doc. 1, at 11 (citing *United States v. Santana*, No. 1:18-cr-865, tr. at 14 (S.D.N.Y. Sept. 17, 2019)).) Were this Court to hold that Ms. Maio rendered ineffective assistance for failing to bring a debatable challenge she heard of in a meeting but had only proven successful in one, out-of-circuit district court, the result would be unworkable. To avoid ineffective-assistance claims, defense attorneys would have to scour the most cutting-edge legal research and sentencing transcripts from district courts across the country and, in every case, bring all unproven but potentially successful challenges that they have seen referenced in such materials. Courts do not demand such performance from defense attorneys; they simply must not "perform[] well below the norm of competence in the profession." *See Caudill*, 881 F.3d at 460. Because Petitioner has not shown that the merit of the "marijuana-is-not-hemp" challenge was "clearly foreshadowed" at the time of his sentencing or that the result of the proceeding would have been different if he had raised this challenge, his ineffective-assistance claim fails.

## IV. CONCLUSION

For these reasons, Petitioner's motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1; Doc. 43 in Case No. 4:19-cr-9) is **DENIED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**